# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# JACKSON DIVISION

**ROMAIN SHONTAY TORNS, #N6529**                          **PETITIONER**

**VERSUS**                              **CIVIL ACTION NO. 3:13-cv-264-HTW-LRA**

**MARY KING, WARDEN**                                             **RESPONDENT**

## MEMORANDUM OPINION

This matter is before the Court, *sua sponte*, for consideration of dismissal. On May 3, 2013, Petitioner Torns, an inmate of the Mississippi Department of Corrections (MDOC), currently incarcerated at the Jefferson County Community Work Center, Fayette, Mississippi, filed this *pro se* petition for habeas corpus relief pursuant to 28 U.S.C. § 2254.[1] Petitioner is challenging his parole revocation and seeking his immediate release from incarceration. As required by *Haines v. Kerner*, 404 U.S. 519 (1972), this Court has liberally construed Petitioner's allegations and determined that this petition for habeas relief should be dismissed for Petitioner's failure to exhaust his state remedies.

## Background

Petitioner states that he was convicted of uttering forgery in the Circuit Courts of Montgomery County and Rankin County. Petitioner was incarcerated and subsequently released on parole. On November 13, 2012, Petitioner was arrested for alleged parole violations. Petitioner claims that his constitutional rights were violated at his January 30, 2013 parole revocation hearing. Petitioner complains that even though he had retained

---

[1] Plaintiff was granted permission to proceed *in forma pauperis* (IFP) in this case.

counsel for the hearing, he was "constructively denied" his "constitutional right to effective assistance of counsel." Resp. [8] at 2. As support for this assertion, Petitioner states that he was facing auto-burglary charges at the time of his revocation hearing and the parole board members failed to consider an affidavit that his attorney obtained from an individual that was being held for the same auto-burglary charges, swearing that he acted alone and Petitioner was not involved in the crime. Petitioner further claims that his constitutional rights were violated because his family members were not allowed to testify on his behalf and he was not afforded the opportunity to see any of the written documents or allowed "to cross examine the proof and evidence" that the parole board members considered during the hearing. Pet. [1] at 7; Resp. [8] at 2. Petitioner further claims that a conspiracy existed between the MDOC Commissioner and the Parole Board Chairman "to violate [his] parole [ ] for no other purpose [than] to retaliate against [him] because of the lawsuits filed" by his Father and Brother against the Commissioner and Chairman. Pet. [1] at 8.

In an effort to clarify the exhaustion of Petitioner's state court remedies an order [7] was entered directing Petitioner to file an amended petition. Petitioner was directed to "specifically state if he has filed any petitions, applications or motions with respect to his parole revocation and the grounds presented in this petition in any court, state or federal" and Petitioner was directed to provide certain information about any filings. Order [7] at 2. The order further directed the Petitioner "to specifically state if he has filed a motion for relief under the Mississippi Post-Conviction Collateral Relief Act, Miss. Code Ann. § 99-39-1 to -29." *Id.* Petitioner filed his response [8], wherein he states that he has filed a grievance with

the MDOC Commissioner via the prison administrative remedy program, but he has not filed any actions with the state courts regarding his parole revocation and current imprisonment.

Analysis

Habeas corpus provides the exclusive federal remedy available to a state prisoner challenging the fact or duration of his confinement and seeking a speedier or immediate release from incarceration. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). As stated above, Petitioner is challenging the validity of his state parole revocation and seeking his immediate release from incarceration. Pet. [1] at 9.

It is a fundamental prerequisite to federal habeas relief that a Petitioner exhaust all of his claims in state courts prior to requesting federal collateral relief. *Sterling v. Scott*, 57 F.3d 451, 453 (5th Cir.1995), *cert. denied*, 116 S.Ct. 715 (1996). Title 28, Section 2254 of the United States Code provides in part as follows:

> (b)(1) An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(i) there is an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> * * * * * * * * *
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to

raise, by any available procedure, the question presented.

To satisfy the exhaustion requirement, Petitioner must present his claims to the state's highest court in a procedurally proper manner in order to provide the state courts with a fair opportunity to consider and pass upon the claims. *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999). Simply put, "[a]pplicants seeking federal habeas relief under § 2254 are required to exhaust all claims in state court prior to requesting federal collateral relief." *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir.1999).

Petitioner clearly states that he has not pursued the claims presented in this petition with the state courts. The Court notes that the Mississippi Uniform Post-Conviction Collateral Relief Act provides an avenue for an inmate to challenge his incarceration based on a claim that "his probation, parole or conditional release [was] unlawfully revoked" or he is "otherwise unlawfully held in custody." Miss. Code Ann. § 99-39-5(1)(h)(Supp. 2012). Inmates claiming their parole was unlawfully revoked for various reasons, including claims based on errors at their parole revocation hearings, have pursued such claims in the form of a motion for post-conviction collateral relief with the state courts. *See e.g., Walker v. State*, 35 So.3d 555, 559 (Miss.Ct.App. 2010) (inmate's claim that his parole was unlawfully revoked because he was not given notice and a fair opportunity to present evidence at his parole revocation hearing pursued in motion for post-conviction relief); *Way v. Miller*, 919 So.2d 1036, 1038-39 (Miss.Ct.App. 2005)(finding inmate's habeas corpus action claiming that he was denied his right to confront and cross-examine adverse witnesses and present evidence in support of mitigation at his parole revocation hearing to be properly considered an application for relief

under the Mississippi Uniform Post-Conviction Collateral Relief Act); *Thorn v. State*, 815 So.2d 455 (Miss.Ct.App.2002) (inmate's claim that he was denied due process at his parole revocation hearing and that he was entitled to the appointment of counsel to represent him at the hearing pursued as a motion for post-conviction collateral relief). Since Petitioner clearly states that he has not pursued his claims, in any form with the state courts, this petition will be dismissed, without prejudice, for failure to exhaust available state remedies.

As a final matter, the Court notes that a prisoner may also challenge parole procedures in a civil rights complaint under 42 U.S.C. § 1983, if resolution in the prisoner's favor would not automatically entitle him to accelerated release. *See Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005); *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995)(noting that "[a] claim that has an indirect impact on whether a claimant eventually receives parole may still be cognizable under § 1983."). Furthermore, the Court is directed "in instances in which a petition combines claims that should be asserted in habeas with claims that properly may be pursued as an initial matter under § 1983, and the claims can be separated, [the Court] should do so, entertaining the § 1983 claims." *Birl v. Thaler*, 470 F. App'x 362, 363 (5th Cir. 2012) (*quoting Serio v. Members of La. St. Bd. of Pardons*, 821 F.2d 1112, 1119 (5th Cir. 1987)). Therefore, to the extent Petitioner may be asserting claims regarding the parole procedures in general or other constitutional violations that would *not* necessarily result in him receiving an earlier release from incarceration, such claims may be proper under § 1983. Since any such claims are possible but not readily apparent from the Petitioner's filings and since a prisoner case under § 1983 is subject to portions of the Prison Litigation Reform Act that are not

applicable to habeas actions, such as a payment schedule for the $400.00 filing fee and "three-strikes" possibilities, the Court will not direct that a new § 1983 case be filed with the pleadings filed in this habeas corpus case. However, the Court will direct the Clerk to send Petitioner a packet of prisoner § 1983 forms in the event he desires to pursue, in the form of a civil rights complaint, any constitutional challenges to his confinement that do not "necessarily demonstrate the invalidity of [his] confinement or its duration." *Wilkinson*, 544 U.S. at 82.

A Final Judgment in accordance with this Memorandum Opinion will be issued this date.

SO ORDERED, this the 18th day of July, 2013.

/s/ Henry T. Wingate
UNITED STATES DISTRICT JUDGE